IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Wesley Jackson, | C/A No.  0:08-03733-TLW-PJG |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Cindy Crick Smith; Richard H. Whelchel, | |
| Defendants. | |

James Wesley Jackson (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is incarcerated at the Spartanburg County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  In his complaint, Plaintiff alleges various complaints about his pending criminal trial process, including a complaint involving multiple offers of plea agreements.  The complaint names Cindy Crick Smith (Smith), an assistant solicitor for Spartanburg County, and Richard H. Whelchel (Whelchel), Plaintiff's public defender, as the defendants.

### PRO SE AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321, 1366-1377 (as amended); and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the assigned district judge.

1

v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corrections, 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). See Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197 (2007); Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege

facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Mindful of this standard, the court finds that the Plaintiff's case should be summarily dismissed.  To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s) (1) deprived him or her of a federal right, and (2) did so under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  See Polk County v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney).   Whelchel is the public defender appointed to represent Plaintiff in his criminal trial. Therefore, Whelchel is entitled to summary dismissal because there is no state action on the part of this defendant.

The claim against Smith is also subject to summary dismissal.  Prosecutors are protected by immunity for activities in or connected with judicial proceedings.  Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reid, 500 U.S. 478 (1991); Imbler v. Pachtman, 424 U.S. 409 (1976); Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000).  In Imbler v. Pachtman, 424 U.S. at 409, the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under 42 U.S.C. § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process."  Id. at 430.  This absolute immunity from suit applies to a prosecutor's actions

3

*PJG*

concerning plea agreements, as plea negotiation is an "essential component" of the criminal trial process. See Taylor v. Kavanagh, 640 F.2d 450, 453 (1981) (quoting Santobello v. New York, 404 U.S. 257, 260 (1971)).

Smith is an assistant solicitor with the Spartanburg County Solicitor's Office. Plaintiff complains about Smith's actions involving plea agreements that she has offered to Plaintiff. As an assistant solicitor, Smith is entitled to absolute immunity from suit under 42 U.S.C. § 1983 for her conduct in plea negotiations. Smith should therefore be dismissed as a defendant in this case.

## RECOMMENDATION

Accordingly, the court recommends that the complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. See Denton, 504 U.S. 25; Neitzke, 490 U.S. 319; Haines, 404 U.S. 519; Brown v. Briscoe, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); Todd v. Baskerville, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 12, 2008
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).